Alan N. Charnes Executive Director Department of Revenue 1375 Sherman Street, Rm. 486 Denver, Colorado 80261
Dear Mr. Charnes:
This opinion letter is in response to your October 19, 1984 letter, in which you inquired about how the Department of Revenue (department) is to determine the period during which interest is payable on tax refunds.
QUESTION PRESENTED AND CONCLUSION
Your request for an attorney general's opinion presents the question:
If a taxpayer files an amended tax return claiming a refund for overpayment of taxes, is the department required to pay interest on the refund amount even if the refund is paid within 90 days after the due date of the original tax return?
My conclusion is yes. Interest must be paid unless the department refunds the tax overpayment within 90 days after the original return was due, without regard to when the amended return was filed.
ANALYSIS
Two separate statutory provisions direct the department to pay interest on refunds of tax overpayments if the refund is not paid by specified deadlines. Section 39-21-110, C.R.S. (1982) is a general provision pertaining to refunds of any income, gross ton-mile, passenger-mile, gasoline, special fuel, sales, use, or severance tax or any charge on oil and gas production. A more specific provision dealing with refunds of personal income tax is found at section 39-22-622, C.R.S. (1982).
The general provision in section 39-21-110 requires the department to pay interest from the date of overpayment of the specified taxes but provides in subsection (3) for an exception if the refund is made:
 Within ninety days after the last date prescribed for filing the return of such tax or charge, determined without regard to any extension of time for filing the return. . . .
(Emphasis added.) This statutory language expressly makes the 90 day grace period run from the date the tax return was due, not from the filing date of any later amended return.
It is my understanding that for many years the department has had a policy that in the event an original tax return is amended to claim a refund, the department will pay interest on the refund amount from the date of overpayment unless the refund is paid within 90 days after the date the original return was due. The department has promulgated regulations which establish procedures for filing an amended return and for payment of interest on refunds not made within 90 days of the due date of the return.See regulations 21-108 and 21-110, 1 C.C.R. 201-1 (8/83). If a taxpayer has underpaid a tax, the department requires the taxpayer to pay interest on the deficiency from the date it was due. Regulation 21-109,1 C.C.R. 201-1 (8/83).
Reasonable interpretations of state statutes by agencies charged with their enforcement are entitled to deference in the construction of those statutes. Colorado Ass'n of PublicEmployees v. Lamm, 677 P.2d 1350, 1357 (Colo. 1984). In this instance, the department's interpretation of the applicable provisions of section 39-21-110 is a reasonable one. Its policy recognizes that the legislature provided for a grace period of 90 days to run from when the original tax return was due, without reference to amended returns. The department's policy also is consistent with the requirement that a taxpayer must pay interest to reimburse the state for the taxpayer's use of any deficiencies in tax payments.
One additional concern is the effect of the more specific provisions for payment of interest and a penalty on untimely refunds of personal income tax, set out at section 39-22-622, C.R.S. (1982). Subsections (2), (3) and (4) of that statute set out a special rule requiring the department to pay refunds of personal income tax within 45 days "of the filing of the personal income tax return" unless the department determines in good faith that specified special circumstances justify a delay. If the deadline is not met, the taxpayer is entitled to interest on the refund plus a penalty of five percent of the refund.
This special rule for personal income tax refunds was adopted in 1981 without any amendment to the already existing provisions of section 39-21-110(1) and (3) except to fix the applicable rate of interest. See 1981 Colo. Sess. Laws, ch. 458. Under the rules of statutory construction, a general provision and a special provision should be construed, if possible, so as to give effect to both. Section 2-4-205, C.R.S. (1980).
In this instance the special provisions of section 39-22-622 can be construed to apply only to the situation where a refund is claimed on an original personal income tax return. In the event an amended personal income tax return is filed later claiming a refund, then the more general provisions of section 39-21-110
would apply, requiring an interest payment unless the 90 day grace period is met. It is my understanding that this construction of the two statutes is consistent with the department's current policy.
SUMMARY
The Department of Revenue has adopted a policy requiring that interest be paid on refunds of most taxes unless the refund is paid within 90 days of the date the original tax return was due. Such an interest payment is due even if the refund is claimed on an amended tax return and the department pays the refund within 90 days of the filing of the amended return. This long established policy is a reasonable interpretation of section39-21-110, C.R.S. (1982). That statute can be construed consistently with the special provisions for refunds of personal income tax found in section 39-22-622, C.R.S. (1982) so as to give effect to both statutory provisions.
Very truly yours,
 DUANE WOODARD Attorney General
TAXATION AND REVENUE INTEREST
Section 39-21-110, C.R.S. (1982)
REVENUE, DEPT. OF
Section 39-21-110, (1)(b), C.R.S. (1982) applies to the payment of interest on refunds claimed in amended tax returns.